UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRAIVIS MEALER, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:16-CV-3343-B |
| REGIONAL MANAGEMENT CORPORATION and REGIONAL FINANCE CORPORATION OF TEXAS, | § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction in the Alternative Motion to Deny Class Certification and Compel Arbitration. Doc. 5 [hereinafter Defs.' Mot.]. For the following reasons, the Court **GRANTS** Defendants' Motion and **DISMISSES without prejudice** Plaintiff's suit.

## I.

## BACKGROUND[1]

This case is about Defendants' allegedly improper efforts to collect on a debt incurred by Plaintiff when he took out a payday loan from Defendants in September 2014. Doc. 1, Pl.'s Orig. Class Action Compl. ¶ 8 [hereinafter Compl.]. Plaintiff claims that Defendants began calling him

---

[1]The Court draws its factual account from Plaintiff's Original Class Action Complaint (Doc. 1) as well as from Defendants' Motion to Dismiss (Doc. 5). Any contested fact is identified as the allegation of a particular party.

to collect on the debt in December 2014 and haven't stopped since. *Id.* ¶ 10.

Plaintiff maintains that he received a number of calls from Defendants at his place of employment "despite repeated requests that Defendants cease such calls." *Id.* ¶ 11. Plaintiff also claims that Defendants' employees have gone to his house at least three times attempting to collect the debt. *Id.* ¶ 14. And during one of those house calls, Plaintiff says, "Defendants' employees knocked on the door in a loud, menacing and violent manner, frightening Plaintiff's daughter and grandchildren." *Id.* ¶ 15.

On that basis, Plaintiff filed his Original Class Action Complaint (Doc. 1), alleging that Defendants' debt collection efforts violated the Texas Debt Collection Practices Act (TDCPA), Tex. Fin. Code §§ 392.001 *et seq.* Defendants, in turn, filed the Motion (Doc. 5) at issue here, which seeks: (1) to dismiss Plaintiff's claims for lack of subject matter jurisdiction; *and alternatively* (2) to deny class certification and compel arbitration. Plaintiff then moved for an extension of time to respond to Defendants' Motion (Doc. 10), which the Court granted (Doc. 11). Plaintiff had until January 26, 2017, to file a response. That deadline has long passed yet Plaintiff never responded to or otherwise contested Defendants' Motion. Thus, it is ripe for the Court's review.

## II.

## LEGAL STANDARD

"'Federal courts are courts of limited jurisdiction.'" *MacKenzie v. Castro*, No. 3:15-cv-0752-D, 2016 WL 3906084, at *2 (N.D. Tex. July 19, 2016) (quoting *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998)). For that reason, they can adjudicate claims only when subject matter jurisdiction "is expressly conferred by the Constitution and federal statute. Federal Rule of Civil

Procedure 12(b)(1) provides the vehicle through which" a party may challenge that jurisdiction. *Armstrong v. Tygart*, 886 F. Supp. 2d 572, 584 (W.D. Tex. 2012) (internal citations omitted).

"A Rule 12(b)(1) motion can mount either a facial or factual challenge." *MacKenzie*, 2016 WL 3906084, at *2. A facial challenge occurs "when a party files a Rule 12(b)(1) motion without including evidence." *Id.* A factual challenge, by contrast, occurs when a party supports its Rule 12(b)(1) motion with evidence. *Id.*

In both cases, the burden of proof "'is on the party asserting jurisdiction.'" *Id.* (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam)). So Plaintiff must prove jurisdiction exists. Yet that is no high bar: "'[I]t is extremely difficult to dismiss a claim for lack of subject matter jurisdiction.'" *Santerre v. AGIP Petrol. Co.*, 45 F. Supp. 2d 558, 566 (S.D. Tex. 1999) (quoting *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1260 (11th Cir. 1997)).

For a facial challenge, courts consider just "the allegations in the complaint because they are presumed to be true." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). And if they sufficiently allege a claim for recovery, then the complaint stands and the court must entertain the suit. *Id.*

But this is a factual challenge. Plaintiffs enjoy no presumption towards truthfulness here. *Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981). Instead, they must "prove subject matter jurisdiction by a preponderance of the evidence." *MacKenzie*, 2016 WL 3906084, at *2 (citing *Paterson*, 644 F.2d at 523). To that end, each party may submit affidavits, testimony, and other evidentiary materials in support of their positions. *Paterson*, 644 F.3d at 523.

This is unlike a motion to dismiss under Rule 12(b)(6). *See Robinson v. Paulson*, No. H-06-4083, 2008 WL 4692392, at *10 (S.D. Tex. Oct. 22, 2008) (citing *Garcia*, 104 F.3d at 1261)

(explaining that courts "may consider matters outside the pleadings" in the context of Rule 12(b)(1) "without converting the motion to dismiss to one for summary judgment"). On that basis, courts are given wide discretion "to resolve disputed jurisdictional facts." *Id.* So in resolving a factual challenge, the court, "which does not address the merits of the suit, has significant authority to 'weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Ellis v. Educ. Comm'n for Foreign Med. Graduates*, No. A. H-14-2126, 2015 WL 3866728, at *2 (S.D. Tex. June 23, 2015) (quoting *id.*).

## III.

## ANALYSIS

As referenced, Defendants assert a factual attack on the Court's subject matter jurisdiction because they support their Motion with evidence. *See, e.g.*, Doc. 5-1, Def.'s Ex. 1, Note & Endorsement. Plaintiff thus bears the burden to "prove subject matter jurisdiction by a preponderance of the evidence." *MacKenzie*, 2016 WL 3906084, at *2 (citing *Paterson*, 644 F.2d at 523). Yet Plaintiff failed to respond to or otherwise contest Defendants' challenge with briefing or evidence. Nor did he attach any evidence to his Complaint. *See* Doc. 1, Compl. So as a threshold matter, the Court finds that Plaintiff has failed to meet his burden and determines that it lacks subject matter jurisdiction over this case.

But even if the Court were to overlook that shortcoming and take the allegations in Plaintiff's Complaint as true—which it cannot (*see Williamson*, 645 F.2d at 412–13)—the Court would still conclude that it lacks subject matter jurisdiction. As mentioned above, Plaintiff asserts a putative class action against Defendants for violations of Texas law, namely the TDCPA. Doc. 1, Compl. ¶¶ 19–44. With that in mind, Plaintiff says that the Court has subject matter jurisdiction under 28

U.S.C. § 1332(d)(2), the Class Action Fairness Act (CAFA). *Id.* ¶ 5.

"CAFA provides the federal district courts with 'original jurisdiction' to hear a 'class action' if the class has more than 100 members, the parties are minimally diverse, and the 'matter is controversy exceeds the sum or value of $5,000,000.'" *Standard Fire Ins. Co. v. Knowles*, 546 U.S. 588, 592 (2013) (quoting 28 U.S.C. §§ 1332(d)(2), (d)(5)(B)); *see also Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 239 (5th Cir. 2015) (internal quotation marks and citations omitted) ("CAFA expanded federal district courts' original jurisdiction to include class actions and mass actions in which there is minimal diversity and the aggregate amount in controversy exceeds $5 million."). In determining whether the amount in controversy exceeds $5,000,000, Courts must aggregate the claims of all individual class members. 28 U.S.C. § 1332(d)(6); *see also Knowles*, 546 U.S. at 592.

As Defendant notes, Plaintiff alleges no amount in controversy, let alone one that exceeds the sum or value of $5,000,000. Doc. 5, Def.'s Mot. ¶ 6. Nor does Plaintiff allege sufficient facts from which the Court might extrapolate an estimated amount in controversy. *See Bigsby v. Barclays Capital Real Estate, Inc.*, 170 F. Supp. 3d 568, 579–80 (S.D.N.Y. 2016) (explaining that failure to "allege a specific damages amount . . . is not fatal to [a] jurisdictional claim" under CAFA provided the plaintiff alleges other facts sufficient for the court presume "that the amount-in-controversy requirement is satisfied"). Instead, Plaintiff generally asserts the following in setting out why he thinks a class action is merited here:

> b. the size of the individual damages claims for most Class Members is too small to make individual litigation an economically viable alternative, such that few Class Members have any interest in individually controlling the prosecution of a separate claim;
>
> . . .
>
> e. despite the relatively small size of the claims of many individual Class Members, their aggregate volume, coupled with the economies of scale

> inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost effective basis, especially when compared with repetitive individual litigation;

Doc. 1, Compl. ¶ 29.

To be sure, Plaintiff need not necessarily make an express statement that the amount in controversy exceeds $5,000,000. *See Bigsby*, 170 F. Supp. 3d at 579–80. But he needed to show more than he did here. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1220 (11th Cir. 2007) ("Whatever indications of value can be gleaned from plaintiffs' pleadings are insufficient to support a conclusion that plaintiffs' claims were potentially valued at $5,000,000 or more in the aggregate."); *cf. Greco v. Jones*, 992 F. Supp. 2d 693, 700 (N.D. Tex. 2014) ("Because the Court concludes that it is facially apparent from Plaintiffs' Petition that the amount in controversy is met as to at least one Plaintiff, it declines to consider the independent evidence that Defendants provided to further assert this Court's jurisdiction.").

Thus, the Court finds that Plaintiff failed to allege facts sufficient to plausibly meet the amount in controversy requirement. For that reason—together with Plaintiff's overall failure to carry his burden of proof under Rule 12(b)(1)—the Court concludes that it lacks subject matter jurisdiction and **GRANTS** Defendants' Motion to Dismiss.[2]

## IV.

## CONCLUSION

For the above reasons, the Court concludes that it lacks subject matter jurisdiction over this

---

[2] The Court notes that Defendants assert two additional arguments as to why the Court lacks subject matter jurisdiction as the result of CAFA's local controversy and home state exceptions. *See* Doc. 5, Def.'s Mot. 3–6. Defendants' arguments on those points are compelling. Yet the Court need not consider them here because Plaintiff's jurisdictional allegations are deficient on a more basic threshold level.

case. The Court therefore **GRANTS** Defendants' Motion (Doc. 5) and **DISMISSES without prejudice** Plaintiff's suit.[3]

SO ORDERED.

SIGNED: August 8, 2017.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[3]*See Sepulvado v. La. Bd. of Pardons & Parole*, 114 F. App'x 620, 622 (5th Cir. 2017) ("Because the Court lacks subject matter jurisdiction over [defendant], the claims against [defendant] must be dismissed without prejudice.").